IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MOODY WOODROW TANKSLEY, | ) | No. C 11-0259 JSW (PR) |
| | ) | |
| Plaintiff, | ) | **SCHEDULING ORDER** |
| | ) | |
| v. | ) | |
| | ) | |
| S. ARANDA; J. WILLS; E. BEAM; P | ) | |
| SULLIVAN; G. BIAGGINI; W MUNIZ; | ) | |
| E.B. JONES, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Plaintiff, a California prisoner who is proceeding pro se, filed a civil rights action under

42 U.S.C. § 1983 regarding the conditions of his confinement at Salinas Valley State Prison

("SVSP").  He filed his complaint on November 26, 2008, in the United States District Court

for the Eastern District of California.  *See Tanksley v. Aranda, et al.*, No. CIV S-08-2881-

CMK-P.  On January 19, 2011, the case was transferred to this Court because the defendants

and the actions giving rise to complaint took place at SVSP, which lies within the venue of the

Northern District of California.  *See* 28 U.S.C. §§ 84, 1391.  As Defendants have been served

and have appeared, and in order to expedite the resolution of this case, the Court orders as

follows:

1.  No later than **ninety (90) days** from the date this order is filed, Defendants

shall either file a motion for summary judgment or other dispositive motion, or a notice

to the Court that they are of the opinion that this matter cannot be resolved by

dispositive motion.  The motion shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56.

**Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute.  If defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the Court prior to the date the summary judgment motion is due**.

All papers filed with the Court shall be promptly served on the Plaintiff.

2.  Plaintiff's opposition to the dispositive motion, if any, shall be filed with the court and served upon defendants no later than thirty days from the date of service of the motion.  Plaintiff must read the attached page headed "NOTICE -- WARNING," which is provided to him pursuant to *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc), and *Klingele v. Eikenberry*, 849 F.2d 409, 411-12 (9th Cir. 1988).

If defendants file an unenumerated motion to dismiss claiming that plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), plaintiff should take note of the attached page headed "NOTICE -- WARNING (EXHAUSTION)."  *See Wyatt v. Terhune*, 315 F.3d 1108, 1120 n. 4 (9th Cir. 2003)

3.  Defendants shall file a reply brief no later than **fifteen (15) days** after Plaintiff's opposition is filed.

4.  The motion shall be deemed submitted as of the date the reply brief is due.  No hearing will be held on the motion unless the Court so orders at a later date.

5.  Discovery may be taken in accordance with the Federal Rules of Civil Procedure.  No further Court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

6.  Extensions of time are not favored, though reasonable extensions will be granted.  Any motion for an extension of time must be filed no later than **five** days prior

2

to the deadline sought to be extended.

7.  All communications by Plaintiff with the Court must be served on Defendant, or Defendant's counsel once counsel has been designated, by mailing a true copy of the document to Defendant or Defendant's counsel.

8.  It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED:  February 15, 2011

_____
JEFFREY S. WHITE
United States District Judge

3

1                        UNITED STATES DISTRICT COURT

2                               FOR THE

3                    NORTHERN DISTRICT OF CALIFORNIA

4

5

6 MOODY W. TANKSLEY,              Case Number: CV11-00259 JSW

7          Plaintiff,                **CERTIFICATE OF SERVICE**

8    v.

9 ARANDA ET AL et al,

10          Defendant.

     —————————————————/

11

12 I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

13 That on February 15, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by

14 depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

15

16

17 Moody W. Tanksley F-65317
Atascadero State Hospital

18 P.O. Box 7001
Atascadero, CA 93423-7001

19

Dated: February 15, 2011

20                           Richard W. Wieking, Clerk
                          By: Jennifer Ottolini, Deputy Clerk

21

22

23

24

25

26

27

28

**NOTICE -- WARNING (SUMMARY JUDGMENT)**

If defendants move for summary judgment, they are seeking to have your case dismissed. A motion for summary judgment under  Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.

**NOTICE -- WARNING  (EXHAUSTION)**

If defendants file an unenumerated motion to dismiss for failure to exhaust, they are seeking to have your case dismissed.  If the motion is granted it will end your case.

You have the right to present any evidence you may have which tends to show that you did exhaust your administrative remedies.  Such evidence may be in the form of declarations (statements signed under penalty of perjury) or authenticated documents, that is, documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers, such as answers to interrogatories or depositions.

If defendants file a motion to dismiss and it is granted, your case will be dismissed and there will be no trial.