1

2

3

4

5

6

7                    IN THE UNITED STATES DISTRICT COURT

8                  FOR THE NORTHERN DISTRICT OF CALIFORNIA

9

10   MOODY WOODROW TANKSLEY,        )   No. C 11-0259 JSW (PR)
                                    )
11           Plaintiff,             )   **ORDER GRANTING MOTION TO**
                                    )   **REVOKE IN FORMA PAUPERIS**
12        v.                        )   **STATUS; TO PAY FILING FEE**
                                    )
13   S. ARANDA; J. WILLS; E. BEAM; P )   **(Docket No. 56)**
     SULLIVAN; G. BIAGGINI; W MUNIZ; )
14   E.B. JONES,                    )
                                    )
15           Defendants.            )
     _____ )

16

17                            **INTRODUCTION**

18        Plaintiff, a California prisoner proceeding pro se, has filed this civil rights case

19   under 42 U.S.C. § 1983.  Defendants have filed a motion to revoke Plaintiff's in forma

20   pauperis status pursuant to 28 U.S.C. § 1915(g).  Although given an opportunity to do

21   so, Plaintiff has not opposed the motion.  For the reasons discussed below, the motion to

22   revoke is GRANTED, and Plaintiff is ordered to pay the filing fee within 30 days or the

23   case will be dismissed.

24                            **DISCUSSION**

25        A prisoner may not bring a civil action in forma pauperis under Section 1915(g)

26   "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any

27   facility, brought an action or appeal in a court of the United States that was dismissed

28   on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief

may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).  A prisoner must be given notice of the potential disqualification under Section 1915(g), by either the district court or the defendants, but the prisoner bears the ultimate burden of persuasion that Section 1915(g) does not bar pauper status for him.  *Andrews v. King*, 398 F.3d 1113, 1120 (9th Cir. 2005).  *Andrews* also requires that the prisoner be allowed an opportunity to be heard on the matter before dismissing the action.  *See id.* at 1120.

For purposes of a dismissal that may be counted under Section 1915(g), the phrase "fails to state a claim on which relief may be granted" parallels the language of Federal Rule of Civil Procedure 12(b)(6) and carries the same interpretation, the word "frivolous" refers to a case that is "'of little weight or importance: having no basis in law or fact,'" and the word "malicious" refers to a case "filed with the 'intention or desire to harm another.'" *Id.* at 1121 (citation omitted).

After reviewing the orders filed in Plaintiff's prior civil rights cases, *see Andrews*, 398 F.3d at 1120, the Court has found that on least three prior occasions, Plaintiff filed cases in federal court that were dismissed on the ground that they were frivolous, malicious, or failed to state a claim upon which relief may be granted, including: (1) *Tanksley v. Tulare, et al.*, E.D. Cal. Case No. C 01-6593 AWI-WMW (July 7, 2006) (civil rights action dismissed for failure to amend after complaint and first amended complaint dismissed for failure to state a claim upon which relief may be granted); (2) *Tanksley v. Blackwell, et al.*, E.D. Cal. Case No. C 08-0093 OWW-GBC (February 9, 2011) (civil rights action dismissed for failure to state a claim upon which relief may be granted); (3) *Tanksley v. Avenal State Prison*, *et al.*, E.D. Cal. Case No. C 08-0442 OWW-DLB (April 13, 2009) (civil rights action dismissed for failure to state a claim upon which relief may be granted); and (4) *Tanksley v. California Department of Corrections, et al.*, E.D. Cal. Case No. C 08-1608 GSA (February 12, 2009) (civil rights

action dismissed for failure to state a claim upon which relief may be granted).[1]

The foregoing dismissals of Plaintiff's prior civil rights actions for failure to state a claim upon which relief can be granted in cases in which Plaintiff was proceeding in forma pauperis qualify as dismissals under Section 1915(g).  Furthermore, Plaintiff has not alleged that he is in imminent danger of any serious physical injury.  Plaintiff was given an opportunity to file an opposition to defendants' motion in which to show that the foregoing dismissals do not qualify as "strikes" or that he is in imminent danger of serious physical injury.  He has not done so.  As a result, he is barred from proceeding in forma pauperis herein under Section 1915(g), and his pauper status will be revoked.  Plaintiff will be given thirty days in which to pay the full filing fee, and if he does not do so, this action will be dismissed.

## CONCLUSION

The motion to revoke Plaintiff's pauper status (docket number 56) is GRANTED.  Within **thirty days** of the date this order is filed, Plaintiff shall pay the entire filing fee; if he does not do so, this action will be dismissed.

IT IS SO ORDERED.

DATED:  July 15, 2011

_____
JEFFREY S. WHITE
United States District Judge

---

[1]Defendants cite a fifth dismissal, but it was of a petition for a writ of habeas corpus.  Dismissals of habeas petitions do not count as "strikes" under Section 1915(g).  *Andrews*, 398 F.3d  at 1122.

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

MOODY W. TANKSLEY,

   Plaintiff,

 v.

ARANDA ET AL et al,

   Defendant.

_____/

Case Number: CV11-00259 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on July 15, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Moody W. Tanksley F-65317
Atascadero State Hospital
P.O. Box 7001
Atascadero, CA 93423-7001

Dated: July 15, 2011

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk